BURKETT *v.* HAGERTY, *et al.*

(Division B. Oct. 16, 1939.)

[191 So. 411. No. 33816.]

Argued orally by **George R. Nobles,** for appellant, and **Wade H. Creekmore,** for appellee.

**McGehee, J.,** delivered the opinion of the court.

This suit was brought by the appellant in the chancery court of Hinds County to recover of the appellees an amount alleged to be due him under a contract which was originally made by them with his assignor and two

other persons, and whereby they were to receive one cent for each gallon of a certain product, known as "Termiteol," sold in the State of Mississippi and elsewhere throughout the United States, upon condition that they should be successful in causing the use of this product to be required by the State Highway Department of the State of Mississippi in all contract specifications for construction work undertaken by the department. A copy of this contract was filed as an exhibit to the bill of complaint, together with a copy of the assignment to the appellant of all the right, title and interest of the assignor therein. Neither the contract nor the assignment specify the extent of the right, title, or interest owned by appellant's assignor in the contract. In other words, it affirmatively appears from the bill and exhibits that the interest of the appellant in the contract and the interests of the other two parties were joint interests, and not joint and several. Therefore, the non-joinder of the necessary parties in interest, either as complainants or as defendants, appeared on the face of the bill. The appellees, as defendants in the court below, interposed a general demurrer to the bill of complaint, and also a special demurrer raising the question of the nonjoinder of necessary parties. No order was taken on the special demurrer. The general demurrer was sustained on the ground that the contract sued on had a tendency to introduce personal solicitation and influence as elements in the procurement of a requirement for the use of this particular product, exclusively, in the plans and specifications of public contracts to be awarded by the State Highway Department, and that the same was therefore void and unenforceable as being against public policy.

We are of the opinion that the demurrer to the entire bill of complaint, raising the question as to whether or not the contract sued on was void as against public policy, should not have been heard and considered until the other two beneficiaries of the contract were first brought in as necessary parties, either as complainants or as de-

fendants; that since the bill alleged that all the beneficiaries under the contract had fully performed the conditions precedent to their right to recover the one cent per gallon on the product sold and shows that they would be jointly interested in the recovery sought, there could be no full, adequate and complete relief granted until all the real parties in interest are before the court. Sections 138 and 139, Griffith's Chancery Practice.

We therefore decline to pass upon the question of whether or not this contract is void as against public policy until the other real and necessary parties in interest shall have been afforded an opportunity to be heard, either as complainants or as defendants in this litigation.

Reversed and remanded.